In re DAVE BAER HOSIERY, INC., Debtor.

J. Samuel GORHAM, III, Trustee in Bankruptcy for the Estate of Dave Baer Hosiery, Inc., Plaintiff,

v.

ROCK HILL NATIONAL BANK, Defendant.

Bankruptcy No. ST–B–81–150.
Adv. No. 81–0246.

United States Bankruptcy Court,
W. D. North Carolina,
Statesville Division.

April 19, 1982.

J. Samuel Gorham, III, of Gaither & Gorham, Hickory, N. C., for plaintiff.

James C. Smith of Thigpen & Hines, P. A., and W. Benjamine Hawfield, Jr., of Moore & Van Allen, Charlotte, N. C., for defendant.

## JUDGMENT

MARVIN R. WOOTEN, Bankruptcy Judge.

This adversary proceeding came on for trial before the undersigned Bankruptcy Judge on April 15, 1982. The Court has heard the evidence, including the testimony of M. Robert Stevens, Jr. and David R. Baer, Jr., and has heard the arguments of counsel, and, being fully informed and advised, the Court finds as follows:

## FINDINGS OF FACT

1. Plaintiff is the duly appointed trustee in bankruptcy for the estate of Dave Baer Hosiery, Inc., debtor.

2. Defendant is a national banking association organized and existing under the laws of the United States, with its principal place of business in Rock Hill, South Carolina.

3. On or about June 2, 1977, the defendant and the debtor entered into a written loan agreement, wherein the defendant extended a line of credit to the debtor, and the debtor granted to the defendant a security interest in certain collateral consisting of all accounts receivable and inventory belonging to the debtor, together with all proceeds of same.

4. On or about June 8, 1977, the defendant filed a financing statement covering the above-described collateral in the Office of the Secretary of State in Raleigh, North Carolina.

5. In June 1977, the debtor's place of business was located in Hickory, Catawba County, North Carolina.

6. The defendant did not file a financing statement in the Office of the Register of Deeds in Catawba County, North Carolina.

7. Beginning in July 1979 and continuing until August 1980, the debtor established and maintained a second place of business, which was located in Granite Falls, Caldwell County, North Carolina.

8. Pursuant to the above-described loan agreement, the defendant advanced funds to the debtor in the aggregate amount of $105,000.00. As of the date of the filing of the petition against the debtor and at all times since that date, the debtor has been and continues to be indebted to the defendant in the amount of $75,506.55.

9. The defendant is the only creditor holding a security interest in the above-described collateral of the debtor.

10. The value of the above-described collateral is less than the total amount of the indebtedness of the debtor to the defendant.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this adversary proceeding.

2. The defendant is the holder of a validly perfected security interest in certain collateral consisting of all accounts receivable and inventory belonging to the debtor, together with all proceeds of same.

3. The plaintiff is not entitled to sell the property of the estate of the debtor free and clear of the lien of the defendant, and therefore the plaintiff's complaint should be dismissed.

4. The defendant is entitled to an order directing the plaintiff to turn over to the defendant the above-described collateral and the defendant is further entitled to an order lifting the automatic stay to permit the defendant to enforce its rights and remedies against said collateral as a secured party under the Uniform Commercial Code of North Carolina.

NOW, THEREFORE, pursuant to Rule 921 of the Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure, IT IS ORDERED, ADJUDGED AND DECREED that the complaint be dismissed, with prejudice, and that the plaintiff have and recover nothing of the defendant; and

IT IS FURTHER ORDERED that the plaintiff shall immediately turn over to the defendant all of the inventory and accounts receivable (including any and all records pertaining thereto), together with all proceeds of same, which are presently in the plaintiff's possession, custody or control as the trustee in bankruptcy for the estate of the debtor, or which may come into the plaintiff's possession, custody or control as the trustee in bankruptcy for the estate of the debtor at any time in the future; and

IT IS FURTHER ORDERED that the automatic stay is hereby lifted to permit the defendant to enforce its rights and remedies as a secured party against the above-described collateral under the Uniform Commercial Code of North Carolina; and

IT IS FURTHER ORDERED that the costs of this proceeding be taxed to the plaintiff; and

IT IS FURTHER ORDERED that the defendant shall reimburse the plaintiff for the reasonable expenses incurred by him in the collection, preservation and storage of the above-described collateral, and that the defendant shall pay reasonable compensation to the plaintiff for his services rendered in connection therewith; and

IT IS FURTHER ORDERED that the plaintiff, pursuant to his request made under Rule 802(c) of the Rules of Bankruptcy Procedure, shall have thirty (30) days from the date of the entry of this judgment in which to file notice of appeal herefrom.